# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| NATHAN CURTIS, | : | |
| Petitioner, | : | Case No. 3:10CV0192 |
| vs. | : | District Judge Walter Herbert Rice<br>Magistrate Judge Sharon L. Ovington |
| TIMOTHY BRUNSMAN,<br>Warden, | : | |
| | : | |
| Respondent. | | |
| | : | |

# REPORT AND RECOMMENDATIONS[1]

## I. INTRODUCTION

Nathan Curtis, an inmate in state custody at the Lebanon Correctional Institution, as a result of his Felonious Assault and Attempted Kidnapping convictions in 2007, brings the instant Petition for Writ of Habeas Corpus 28 U.S.C. §2254. (Doc. #1).

This matter is before the Court upon Respondent's Motion to Dismiss the Petition as time-barred (Doc. # 5) and the record as a whole. Petitioner has not responded to the motion.

## II. PETITIONER'S STATE CONVICTIONS AND FEDERAL HABEAS PETITION

On September 5, 2007, Petitioner was convicted of Felonious Assault and

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

Attempted Kidnapping. (Doc. #1 at 2), and was sentenced to a sixteen-year term of imprisonment. *Id*. Through new counsel, he timely appealed. (Doc. #5, Exhibit 6). Prior to filing a brief, Petitioner moved to dismiss the appeal. (Doc. #5, Exhibit 7). Thereafter, on January 15, 2008, the Court of Appeals granted the motion to dismiss. (Doc. #5, Exhibit 8).

On October 15, 2007, Petitioner filed his petition to vacate his plea and for post-conviction relief. (Doc. #5, Exhibit 9). After conducting an evidentiary hearing, the trial court overruled Petitioner's Motion to Vacate his plea and denied the petition. (Doc. # 5, Exhibits 13 and 31).

On March 26, 2008, Petitioner filed a notice of appeal from the denial of his motion to withdraw plea and post-conviction petition. In his brief, Curtis set forth the following assignment of error:

> THE TRIAL COURT COMMITTED AN ABUSE OF DISCRETION BY DENYING THE MOTION TO VACATE THE GUILTY PLEA/POSTCONVICTION PETITION.

(Doc. #5, Exhibit 15). On October 31, 2008, the Ohio Court of Appeals issued an opinion denying Petitioner's assignment of error. *State v. Curtis,* 2008 Ohio 5643; 2008 Ohio App. LEXIS 4745.

On November 12, 2008, Petitioner timely appealed to the Ohio Supreme Court and set forth the following proposition in his memorandum in support of jurisdiction:

> WHEN A DEFENDANT MOVES TO WITHDRAW HIS OR HER PLEA AFTER SENTENCE HAS BEEN IMPOSED, A TRIAL COURT ABUSES ITS DISCRETION IN DENYING THAT REQUEST, WHEN THE

> RECORD SHOWS THAT COUNSEL WAS NOT HIGHLY
> COMPETENT, AND WHEN THE RECORD ALSO REVEALS THAT
> THE TRIAL COURT DID NOT GIVE FULL AND FAIR
> CONSIDERATION TO THE REQUEST.

(Doc. # 5, Exhibit 19). On March 25, 2009, the Ohio Supreme Court declined to hear the case and dismissed it. (Doc. #5, Exhibit 21).

On March 12, 2009, Curtis filed in the Ohio Court of Appeals a pro se notice of appeal and motion for delayed appeal. (Doc. # 5, Exhibit 22). He presented the following assignments of error:

> APPELLANT WAS PREJUDICIALLY DEPRIVED OF HIS
> CONSTITUTIONAL AND STATUTORY RIGHT TO FILE A DIRECT
> APPEAL FROM HIS CRIMINAL CONVICTION, WITHIN THIRTY
> DAYS OF THE JUDGMENT ENTRY, AS A RESULT OF (1) THE
> TRIAL COURT JUDGE DID NOT INFORM APPELLANT OF HIS
> RIGHT TO FILE A DIRECT APPEAL; AND (2) DEFENSE COUNSEL
> DID NOT FILE A NOTICE OF APPEAL, AFTER BEING REQUESTED
> TO DO SO.
>
> APPELLANT WAS PREJUDICIALLY DEPRIVED OF HIS RIGHT TO
> BE FREE FROM TRIAL ERRORS COMMITTED BY THE TRIAL
> COURT'S SENTENCING MEASURES AS A RESULT OF THE TRIAL
> COURT'S FAILURE TO FOLLOW LEGISLATIVE LAW, THAT
> VIOLATES THE SEPARATION OF POWERS DOCTRINE, AND
> VIOLATES THE EX POST FACTO CLAUSES OF THE FEDERAL AND
> STATE CONSTITUTIONS.
>
> APPELLANT'S GUILTY PLEA WAS NOT MADE KNOWINGLY OR
> VOLUNTARILY, RESULTING FROM INEFFECTIVE ASSISTANCE
> OF TRIAL COUNSEL, AND WAS INDUCED BY FALSE PRETENSES
> COMMITTED BY THE PROSECUTING ATTORNEY, FOR NOT
> HONORING HIS "RECOMMENDATION" TO A TERM OF FOUR
> YEARS IN PRISON, WITH JUDICIAL RELEASE ELIGIBILITY AFTER
> ONE YEAR.

(Doc. # 5, Exhibit 23).

On April 8, 2009, the Ohio Court of Appeals denied Petitioner's motion for delayed appeal due to his failure to show good cause that would justify permitting a delayed appeal. (Doc. # 5, Exhibit 24). Thereafter, Petitioner filed an appeal to the Ohio Supreme Court, raising the identical assignments or error he had raised in the Court of Appeals. On August 26, 2009, the Ohio Supreme Court denied leave to appeal. (Doc. # 5, Exhibit 28).

### III.    CURTIS' PETITION IS TIME BARRED[2]

The Antiterrorism and Effective Death Penalty Act of 1996 ("the AEDPA") contains a one-year statute of limitations.  28 U.S.C. §2244(d)(1) provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State Court. The limitation period shall run from the latest of-
>
> (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on direct review; or

---

[2] The Court notes that Respondent's Motion at page 8 states that Curtis' Petition was timely filed, it is obvious from the content of the argument that this statement was made in error. A District Court may dismiss a habeas petition *sua sponte* on limitations grounds. *Day v. McDonough*, 547 U.S. 198 (2006)(upholding *sua sponte* raising of defense even after answer which did not raise it).

>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In Petitioner's case, the date on which the judgment became final by the conclusion of direct review was January 15, 2008, when the Ohio Court of Appeals granted Petitioner's motion to dismiss the appeal. *See Joyner v. Phelps*, 557 F. Supp. 2d 477, 480 (D.C. Del. 2008). However, the statute of limitations clock did not start running at that time because of the pending petition for post-conviction relief. The time was tolled until March 25, 2009, when the Ohio Supreme Court declined to hear the case. *Lawrence v. Florida*, 549 U.S. 327, 127 S. Ct. 1079 (2007). The one-year limitation period expired on March 26, 2010. Petitioner did not file his petition until May 19, 2010, after the statute of limitations period had expired.

Petitioner's filing of a motion for delayed appeal on October 15, 2009 did not toll the time because it was untimely and not properly filed. The United States Supreme Court has held that if the state court determines that a post-conviction proceeding is not "properly filed" pursuant to the state's procedural rules, then that proceeding cannot toll under 28 U.S.C. §2244(d)(2). *Pace v. DiGuglielmo*, 544 U.S. 408, 125 S. Ct. 1807,1812 (2005).

Petitioner has not argued nor is there anything in the record to suggest that he entitled to apply any of the alternative start dates of Section 2244(d)(1)(B), (C) or (D);

5

nor has he set forth a reason for, and it does not appear from the record that he is entitled to equitable tolling. *See Vroman v. Brigano*, 346 F. 3d598, 604-05 (6th Cir. 2003).

Accordingly, Petitioner's claims are barred by the AEDPA's one-year statute of limitations. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied leave to appeal *in forma pauperis* and any requested certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(A); *See also Miller-El v. Cockrell*, 537 U.S. 322, 328, 123 S. Ct. 1029 (2003).

### IT IS THEREFORE RECOMMENDED THAT:

1. Respondent's Motion to Dismiss (Doc. # 5) be GRANTED;

2. Nathan Curtis' Petition for Writ of Habeas Corpus (Doc. #1) be DENIED and DISMISSED;

3. Petitioner be denied leave to appeal *in forma pauperis* and any requested certificate of appealability; and,

4. This case be terminated on the docket of this Court.

January 5, 2011

                                                        s/ Sharon L. Ovington
                                                        Sharon L. Ovington
                                              United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F).  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).